**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | | | |
|---|---|---|---|
| EYPHRA RANSOM, | : | | |
| | : | | |
| Plaintiff, | : | Civil Action No.: | 24-692 (RC) |
| | : | | |
| v. | : | Re Document No.: | 9 |
| | : | | |
| ALEJANDRO N. MAYORKAS, | : | | |
| Secretary of Homeland Security, *et al.*, | : | | |
| | : | | |
| Defendants. | : | | |

## MEMORANDUM OPINION

### GRANTING DEFENDANTS' MOTION TO DISMISS

### I.  INTRODUCTION

This action is one of a series of lawsuits filed by *pro se* plaintiff Eyphra Ransom ("Plaintiff").  Plaintiff filed this suit against Alejandro N. Mayorkas, in his official capacity as Secretary of Homeland Security; Deanne Criswell, in her official capacity as FEMA Administrator; Merrick Garland, in his official capacity as U.S. Attorney General; and Matthew Graves, in his official capacity as U.S. Attorney for the District of Columbia (collectively, the "Defendants"), alleging discriminatory conduct due to her race, color, sex, and disability status in the form of failure to hire, employment termination, failure to accommodate, retaliation, harassment, and hostile work environment in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e to 2000e-17 ("Title VII"); the Americans with Disabilities Act of 1990, 42 U.S.C. §§ 12112 to 12117; the Rehabilitation Act of 1973, 29 U.S.C. §§ 791, 794; and the Federal Sector Equal Employment Opportunity regulation, 29 C.F.R. Part 1614.  Defendants move to dismiss Plaintiff's claims for failure to state a claim upon which relief can be granted, asserting that the Secretary of Homeland Security is the only proper defendant, the claims are

untimely, the action is barred by the doctrines of res judicata and collateral estoppel, and Plaintiff fails to state an actionable discrimination claim. *See* Defs.' Motion to Dismiss ("Defs.' Mot. Dismiss"), ECF No. 9. For the reasons discussed below, the Court grants Defendants' motion to dismiss.

## II. FACTUAL BACKGROUND

Eyphra Ransom was a GS-13 Logistics Management Specialist within the FEMA Logistics Systems Division. Complaint ("Compl."), ECF No. 1.[1] On August 21, 2019, Plaintiff received a proposed notice of removal from federal service, citing failure to follow instructions, absence without leave, lack of candor, and inappropriate behavior. Pl.'s Statement of Facts ("Pl.'s SOF") ¶ 1, ECF No. 1-2. On October 16, 2019, FEMA formally removed Plaintiff from federal service, effective October 17, 2019. *Id.* ¶ 2. Plaintiff appealed her removal to the Merit Systems Protection Board ("MSPB" or the "Board") and filed multiple Equal Employment Opportunity Commission ("EEOC") discrimination complaints and civil actions. *See generally* Compl.

### A. MSPB Case DC-0752-20-0145-I-1

Plaintiff filed an appeal with the MSPB on November 18, 2019, challenging FEMA's decision to remove her. *See* Compl., Attach. 1, ECF No. 1-3. In her appeal, Plaintiff argued that FEMA lacked sufficient evidence for the charges leading to her removal, misapplied the *Douglas* factors,[2] committed procedural errors by failing to provide all documents considered for her

---

[1] Citations to the record refer to the CM/ECF system page number at the top of each page rather than the page numbers at the bottom of each filing.

[2] The *Douglas* factors are used by the MSPB to assess the reasonableness of a penalty that an agency imposes on an employee in an adverse action. *See Douglas v. Veterans Admin.*, 5 M.S.P.B. 313 (1981).

removal, and engaged in disability discrimination and retaliation for alleged Whistleblower activity and her exercise of rights. *See id.*

The MSPB conducted a two-day hearing. *See id.* at 1–2. On July 30, 2020, the MSPB issued its initial decision, upholding FEMA's removal of Plaintiff. *Id.* The Board found that Plaintiff had not shown that she was subjected to disparate treatment based on disability, nor had FEMA failed to accommodate her disability. *Id.* at 36. Although the MSPB noted that Plaintiff's disability may have contributed to her misconduct, it clarified that disability does not excuse misconduct. *Id.* at 35. Neither the Rehabilitation Act nor the Americans with Disabilities Act "immunizes disabled employees from being disciplined for misconduct in the workplace, provided the agency would impose the same discipline on an employee without a disability." *Id.* at 35–36. Additionally, the MSPB observed that FEMA's management was unaware of Plaintiff's diagnosis when proposing her removal and had not considered her disability in that decision. *Id.* at 33.

The MSPB also concluded that there were no harmful procedural errors in the process leading to Plaintiff's termination. *Id.* at 39–40. Plaintiff had received the proposed removal notice with twenty-three attached documents, providing her with sufficient information to respond. *Id.* at 39. Furthermore, while the Agency's decision-maker knew of Plaintiff's prior grievances, this knowledge did not prejudice the decision to remove her. *Id.* at 45. The MSPB also determined that Plaintiff had failed to show that she was treated differently than other similarly situated employees. *Id.* at 52–53. The Board's initial decision became final on September 3, 2020, and Plaintiff was notified of her options for appeal, which included filing a petition for MSPB Board review, a petition with the U.S. Court of Appeals for the Federal Circuit, or filing a civil action within the designated time frames. *Id.* at 55–63.

### B.  EEOC Appeal No. 2021000075

Plaintiff filed a petition with the EEOC on October 3, 2020, seeking review of the MSPB decision.  *See* Compl., Attach. 2, ECF No. 1-4.  On May 24, 2021, the EEOC Office of Federal Operations issued a decision affirming the MSPB's decision.  *See id.*  The EEOC concluded that (1) FEMA did not know of Plaintiff's disability until after proposing her removal, (2) FEMA was not obligated to accommodate Plaintiff during the administrative leave period, (3) the charges against Plaintiff were substantiated, and (4) FEMA had articulated legitimate, nondiscriminatory reasons for its actions, which Plaintiff failed to prove were pretextual.  *Id.* at 5.  The EEOC decision informed Plaintiff of her right to file a civil action within thirty calendar days.  *Id.* at 6.

### C.  EEOC Appeal No. 2022000766

On November 24, 2021, Plaintiff filed Appeal Number 2022000766 seeking review of a complaint, HS-FEMA-01522-2019, filed with FEMA.[3]  *See* Compl., Attach. 3 at 7–15, ECF No. 1-4.  Plaintiff alleges that she was subjected to a hostile work environment based on her race, sex, and in reprisal for prior Equal Employment Opportunity ("EEO") activity, which consisted of twenty-nine incidents.  *Id.* at 7–10.  The EEOC found that Plaintiff failed to establish that she was subjected to discriminatory or retaliatory harassment based on her protected bases.  *Id.* at 12.  The EEOC also determined that Plaintiff was subject to dismissal for the legitimate non-discriminatory basis of repeated behavioral issues.  *Id.*  The EEOC advised Plaintiff of her right to file a civil action within ninety days from the date that Plaintiff received the January 31, 2023, decision.  *Id.* at 14–15.

---

[3] Plaintiff references the administrative complaint, HS-FEMA-01522-2019, which raises allegations of race and gender discrimination in a formal complaint to FEMA.  *See* Compl., Attach. 3, ECF No. 1-4.  On October 20, 2021, FEMA issued a final agency decision finding no discrimination.  *Id*. at 7.  Plaintiff appealed this decision to the EEOC Office of Federal Operations on November 24, 2021, leading to Appeal No. 2022000766.

4

### D. Civil Actions

Plaintiff filed a civil action on June 23, 2021, *Ransom v. Mayorkas*, No. 21-cv-1563 (D. Md.), seeking review of the MSPB decision affirming her termination from FEMA. *See* Compl., Attach. 4, ECF No. 1-4. Plaintiff's primary argument was that the MSPB had not addressed her claims of Whistleblower retaliation and Title VII retaliation. *See id.* at 22. The Maryland District Court, however, determined that it lacked jurisdiction over the Whistleblower retaliation claim, which fell under the jurisdiction of the U.S. Court of Appeals for the Federal Circuit. *See id.* at 23. Regarding the Title VII retaliation claim, the court found that Plaintiff had not exhausted the administrative remedies required. *Id.* at 23–24. The court dismissed Plaintiff's complaint without prejudice. *Id.* at 24.

On September 15, 2022, Plaintiff filed another lawsuit, *Ransom v. Mayorkas*, No. 22-cv-2355 (D. Md.). *See* Compl., Attach. 5, ECF No. 1-4. The Maryland District Court reviewed Plaintiff's claims of discriminatory conduct, including failure to hire and unlawful termination based on race, sex, and disability (autism). *See id.* The court dismissed Plaintiff's claims related to MSPB Case DC-0752-20-0145-I-1 and EEOC Appeal No. 2021000075 as untimely, noting that these claims were filed more than thirty days after the final decision. *Id.* at 35. The court also dismissed Plaintiff's claims based on EEOC Case No. HS-FEMA-01522-2019, as Plaintiff filed the civil complaint before receiving the EEOC Office of Federal Operations' final decision. *Id.* at 36. The court determined that the District of Columbia was the proper venue but dismissed the case due to the untimeliness and failure to exhaust administrative remedies. *Id*. at 37–38.

Plaintiff filed an action on July 13, 2023, in the District of Maryland, which was transferred *sua sponte* to this Court, alleging failure to hire, termination, failure to accommodate, and retaliation. *See* Notice of Related Case, ECF No. 2; *Ransom v. Dorko*, No. 23-cv-2601

5

(D.D.C. Mar. 20, 2025). Plaintiff filed another case, *Ransom v. Mayorkas*, No. 24-cv-0158 (D. Md.), alleging failure to hire, failure to accommodate, and retaliation under Title VII of the Civil Rights. *See* Notice of Related Case. The instant action was filed on March 11, 2024 in this Court, alleging failure to hire, wrongful termination, failure to accommodate, retaliation, harassment, and hostile work environment in violation of Title VII of the Civil Rights Act; 42 U.S.C. §§ 2000e–2000e-17; the Americans with Disabilities Act of 1990, 42 U.S.C. §§ 12112 to 12117; the Rehabilitation Act of 1973, 29 U.S.C. §§ 791, 794; and the Federal Sector Equal Employment Opportunity regulation, 29 C.F.R. Part 1614. *See generally* Compl. Specifically, Plaintiff requests that this Court address the claims raised in the MSPB decision, EEOC Appeal No. 075, and EEOC Appeal No. 766. *See* Pl.'s SOF at 15 (Prayer for Relief ¶ 1).

### III. LEGAL STANDARD

The Federal Rules of Civil Procedure require plaintiffs to properly "state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) tests the legal sufficiency of a complaint. *Browning v. Clinton*, 292 F.3d 235, 242 (D.C. Cir. 2002). The motion does not test a plaintiff's ultimate likelihood of success on the merits, but rather, whether a plaintiff has properly stated a claim. A court considering a Rule 12(b)(6) motion presumes that the complaint's factual allegations are true and construes them in the light most favorable to the plaintiff. *See, e.g.*, *United States v. Philip Morris, Inc.*, 116 F. Supp. 2d 131, 135 (D.D.C. 2000). Nevertheless, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). To that end, a plaintiff's factual allegations "must be enough to raise a right to relief above the speculative level, on the assumption that all

6

allegations in the complaint are true (even if doubtful in fact)." *Twombly*, 550 U.S. at 555 (citations omitted). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements," are insufficient to withstand a motion to dismiss. *Iqbal*, 556 U.S. at 678. A court need not accept a plaintiff's legal conclusions as true, *see id.*, nor must a court presume the veracity of legal conclusions that are "couched as . . . factual allegation[s]," *see Twombly*, 550 U.S. at 555 (citing *Papasan v. Allain,* 478 U.S. 265, 286 (1994)).

A *pro se* complaint is held to "less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). However, "even a pro se plaintiff must meet his burden of proving that the Court has subject matter jurisdiction over the claims." *Fontaine v. Bank of Am., N.A.*, 43 F. Supp. 3d 1, 3 (D.D.C. 2014); *see also Bickford v. Gov't of U.S.*, 808 F. Supp. 2d 175, 179 (D.D.C. 2011); *Newby v. Obama*, 681 F. Supp. 2d 53, 55 (D.D.C. 2010).

## IV.  ANALYSIS

Defendants raise four arguments to dismiss this case for failure to state a claim upon which relief can be granted. *See generally* Defs.' Mot. Dismiss. They argue that the Secretary of Homeland Security is the only proper defendant, Plaintiff's claims are untimely, the action should be dismissed under the doctrines of res judicata and collateral estoppel, and the complaint fails to state an actionable discrimination claim. *See id.* at 8–13. Because the Court will dismiss the case for the first three reasons, it need not address Defendants' remaining arguments.

### A.  Proper Defendant

Defendants have moved for dismissal arguing that the only proper defendant in the suits brought under Title VII or the Rehabilitation Act is the head of the federal agency involved in the alleged discrimination. Defs.' Mot. Dismiss at 8. The Court agrees.

In addition to Alejandro N. Mayorkas—in his official capacity as Secretary of Homeland Security—Plaintiff names Deanne Criswell, Merrick Garland, and Matthew Graves in their official capacities as defendants. *See* Defs.' Mot. Dismiss. Title VII protects federal employees from workplace discrimination by providing a cause of action against "the head of the [federal] department, agency, or unit, as appropriate." 42 U.S.C. § 2000e–16(c); *see Jarrell v. U.S. Postal Serv.*, 753 F.2d 1088, 1091 (D.C. Cir. 1985) ("[T]he head of the agency is the only proper defendant in a Title VII action."). A suit against an individual in their official capacity is one method of bringing suit against the employer and is distinct from an individual capacity suit. *Cooke–Seals v. District of Columbia*, 973 F. Supp. 184, 187 (D.D.C. 1997) (citing *United States Equal Employment Opportunity Comm'n v. AIC Sec. Investigations, Ltd.*, 55 F.3d 1276, 1280 n.4 (7th Cir. 1995)); *see also Sauers v. Salt Lake County*, 1 F.3d 1122, 1125 (10th Cir. 1993) (finding that a suit against an employee in official capacity operates as suit against employer).

Although Plaintiff is not suing the individually named defendants under anything other than their official capacities, an official capacity suit against an individual is the functional equivalent of a suit against the employer. *Cooke-Seals*, 973 F. Supp. at 187 (citation omitted). This makes the addition of Criswell as an individual defendant "redundant and an inefficient use of judicial resources." *Id.* (citation omitted). Additionally, Plaintiff inappropriately lists Garland and Graves as defendants, arguing that it is a requirement for serving the United States. *See* Pl.'s Opp'n to Defs.' Mot. Dismiss ("Pl.'s Opp'n") at 12, ECF No. 11. However, Plaintiff misapprehends the scope of the Title VII legal framework and confuses the difference between those who must be served with a civil complaint against the federal government, *see* Fed. R. Civ. P. 4(i), and who is an appropriate defendant under Title VII. The proper defendant in the instant

action is Secretary Mayorkas.[4]  Accordingly, the Court finds that, in the event that this action could go forward on other bases, the Secretary of Homeland Security is the only proper defendant, and all of the other defendants are dismissed from this action.

### B. Timeliness

Defendants' motion further argues that Plaintiff's claims arising from the MSPB decision and EEOC Appeal No. 075 are time-barred and must be dismissed.  *See* Defs.' Mot. Dismiss at 9.  A plaintiff seeking judicial review of a MSPB final decision must file a civil action no later than thirty calendar days after the MSPB decision becomes final, or if the decision is appealed to the EEOC, within thirty days of the EEOC decision.  *See* 5 U.S.C. § 7703(b)(2).

Here, the initial MSPB decision affirming the Agency's termination was issued on July 30, 2020, and became final on September 3, 2020.  Pl.'s Opp'n at 7.  Plaintiff appealed the MSPB decision to the EEOC within the thirty-calendar day limit on October 3, 2020.  *Id.*  On May 21, 2021, EEOC Appeal No. 75 affirmed the MSPB decision and notified Plaintiff that she could file a civil action "based on the MSPB decision within thirty calendar days."  *Id.* (cleaned up).  Plaintiff filed a subsequent action on June 23, 2021, *Ransom v. Mayorkas*, No. 21-cv-1563 (D. Md.); however, she primarily sought review over her retaliation claims, leaving the thirty-day window to appeal her other discrimination and termination claims to expire.  *See generally* Compl., Attach. 4.

The Court agrees with Defendants that the claims arising from MSPB decision and EEOC Appeal No. 75 are untimely.  Before the instant action was brought to this Court, Plaintiff filed civil actions seeking review of the MSPB decision and EEOC Appeal No. 075.  The

---

[4] Kristi Noem was sworn in as Secretary of Homeland Security on January 25, 2025 and is automatically substituted for Alejandro N. Mayorkas as a defendant in this action pursuant to Fed. R. Civ. P. 25(d).

Maryland District Court dismissed the claims predicated on MSPB decision and EEOC Appeal No. 075 as unexhausted and untimely. *See* Compl., Attach. 5 at 36 ("Ransom's claims based on [the MSPB decision] and [EEOC Appeal No. 075] must be dismissed as untimely because she filed this action more than thirty days after receiving the EEOC's decision."). Because these claims were deemed untimely even before reaching this Court, there is no mechanism to remedy untimeliness here. The thirty-day limitation period began to run on or about May 21, 2021, and clearly expired before the filing of the present action on March 11, 2024.

Claims arising from EEOC Appeal No. 766 should likewise be dismissed for untimeliness. The Maryland District Court found the filing of these claims in *Ransom v. Mayorkas*, No. 22-cv-2355 (D. Md.) was premature, predating the final EEOC final decision and issuance of a right to sue letter. *See id.* at 36–37. The EEOC issued its final decision of Appeal No. 766 on January 31, 2023. *See* Compl., Attach. 3 at 15. The decision notified Plaintiff that she may file a civil action in the appropriate district court within ninety calendar days. *See id.* at 13–15. The ninety-day limitation period would give Plaintiff until May 1, 2023, to file a civil action. The instant case now comes in too late, on March 11, 2024. Accordingly, the Court finds that Plaintiff's claims arising from the MSPB decision, EEOC Appeal No. 075, and EEOC Appeal 766 are time-barred.

## C. Claim Preclusion and Issue Preclusion

Finally, Defendants contend that even if the claims were timely, they are barred by res judicata and collateral estoppel. *See* Defs.' Mot. Dismiss at 9–12. "The doctrine of res judicata prevents repetitious litigation involving the same causes of action or the same issues." *I.A.M. Nat'l Pension Fund v. Indus. Gear Mfg. Co.*, 723 F.2d 944, 946 (D.C. Cir. 1983).

Res judicata has two distinct aspects—claim preclusion and issue preclusion (commonly known as collateral estoppel)—that apply in different circumstances and with different consequences to the litigants. *See NextWave Pers. Commc'ns, Inc. v. Fed. Commc'ns Comm'n*, 254 F.3d 130, 143 (D.C. Cir. 2001); *Novak v. World Bank*, 703 F.2d 1305, 1309 (D.C. Cir. 1983). Under claim preclusion, "a final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action." *Drake v. Fed. Aviation Admin.*, 291 F.3d 59, 66 (D.C. Cir. 2002) (quoting *Allen v. McCurry*, 449 U.S. 90, 94 (1980)).

Similarly, under collateral estoppel, or issue preclusion, "once a court has decided an issue of fact or law necessary to its judgment, that decision may preclude relitigation of the issue in a suit on a different cause of action involving a party to the first case." *Yamaha Corp. of Am. v. United States*, 961 F.2d 245, 254 (D.C. Cir. 1992) (quoting *Allen*, 449 U.S. at 94). Thus, collateral estoppel "prevents the relitigation of any issue that was raised and decided in a prior action." *Novak*, 703 F.2d at 1309. In short, "claim preclusion forecloses all that which might have been litigated previously," *I.A.M. Nat'l Pension Fund*, 723 F.2d at 949, while issue preclusion "prevents the relitigation of any issue that was raised and decided in a prior action," *Novak*, 703 F.2d at 1309.

### 1. Claims Arising from EEOC Appeal No. 075

Applying these principles, the Court finds that any remaining claims predicated on EEOC Appeal No. 075 are barred by res judicata. First, Plaintiff filed two previous actions in the District of Maryland. In the first case, *Ransom v. Mayorkas*, No. 21-cv-1563 (D. Md.), Plaintiff sought review of the MSPB decision and EEOC Appeal No. 075. The district court found that to the extent Plaintiff was alleging a Title VII action, the claims were untimely and unexhausted.

*See* Compl., Attach. 4 at 24 ("The record indicates that plaintiff may obtain a right to sue letter from the EEOC on that issue in the future, but such claim is not presently and appropriately before the Court.") (citation omitted).  Plaintiff then filed a subsequent action, *Ransom v. Mayorkas*, No. 22-cv-2355 (D. Md.), where she challenged the MSPB decision, EEOC Appeal No. 075, and EEOC Appeal 766.  In that case, Plaintiff claimed that it was a "re-filing" of the first action; however, the court noted that to the extent that she meant to include the same claims from the previous suit, they were barred by res judicata.  *See* Compl., Attach. 5 at 29 & n.6.  Ultimately, the district court dismissed the claims arising from the MSPB decision and EEOC Appeal No. 075 as untimely because they were filed past the thirty-day deadline.  *See id.* at 35.

      Claim preclusion applies where the prior and current litigation "(1) involv[e] the same claims or cause of action, (2) [are] between the same parties or their privies, and (3) there has been a final, valid judgment on the merits, (4) by a court of competent jurisdiction." *Smalls v. United States*, 471 F.3d 186, 192 (D.C. Cir. 2006); *see also Tembec Inc. v. United States*, 570 F. Supp. 2d 137, 140–41 (D.D.C. 2008); *Paley v. Est. of Ogus*, 20 F. Supp. 2d 83, 87 (D.D.C. 1998).  Plaintiff's instant case arises out of the same cause of action, challenges the same administrative complaints, outlines essentially the same facts, against the same defendants, Mayorkas and Criswell.  *See* Compl., Attach. 4, Attach. 5.  It is also not disputed that the District Court of Maryland is a court of competent jurisdiction.

      Plaintiff suggests that the present complaint, which brings additional allegations not previously asserted, defeats the "same cause of action" requirement.  *See* Pl.'s Opp'n at 18–19.  But the fact that the causes of action are not identical does not overcome the application of the res judicata doctrine.  "Whether two cases implicate the same cause of action turns on whether they share the same 'nucleus of facts.'" *Apotex, Inc. v. Food & Drug Admin.*, 393 F.3d

12

210, 217 (D.C. Cir. 2004) (quoting *Drake*, 291 F.3d at 66); *see also Page v. United States*, 729 F.2d 818, 820 (D.C. Cir. 1984). To determine whether two cases share the same nucleus of facts, the Court considers "whether the facts are related in time, space, origin, or motivation[;] whether they form a convenient trial unit[;] and whether their treatment as a unit conforms to the parties' expectations or business understanding or usage." *McIntyre v. Fulwood*, 892 F. Supp. 2d 209, 215 (D.D.C. 2012) (alteration in original) (quoting *Stanton v. Dist. of Columbia Court of Appeals*, 127 F.3d 72, 78 (D.C. Cir. 1997)).

The factual allegations underpinning the instant complaint mirror those in *Ransom v. Mayorkas*, No. 22-cv-2355 (D. Md.). There, Plaintiff made "claims for race, gender, and disability discrimination, as well as retaliation, and she request[ed] compensatory damages and various forms of injunctive relief, including reconsideration for employment and promotion." Compl., Attach. 5 at 29 (internal citations omitted). In this action, Plaintiff reasserts the discrimination, termination, failure to hire, harassment, and hostile work environment claims that have been repeatedly asserted in her various civil actions and administrative complaints. *See generally* Compl. While this complaint includes additional facts and descriptions, they fundamentally parallel the claims asserted in the previously dismissed actions. Despite the differences in legal theories, both actions advanced by Plaintiff relate to the same time period and turn on allegations that her termination was improperly motivated by race, gender, and disability. *See generally id.*

The claims she asserts here could have been brought in that action or her other civil actions which were amended several times. Because she skipped the opportunities to raise these claims in prior actions, the Court finds no unfairness in barring them here. *See Capitol Hill Group v. Pillsbury, Winthrop, Shaw, Pittman, LLC*, 569 F.3d 485, 491 (D.C. Cir. 2009)

("[R]es judicata . . . bars relitigation not only of matters determined in a previous litigation but also ones a party could have raised[.])" (cleaned up).  The unity of the "cause of action" in these two cases, which arise from the very same facts, is beyond doubt.  *See Apotex*, 393 F.3d at 217–18 ("There are no new facts.  [Plaintiff] is simply raising a new legal theory.  This is precisely what is barred by *res judicata*.").

To that end, the central question here is whether the district court's decision, which dismissed the case without prejudice as time-barred, was a final judgment on the merits.  On the one hand, "[t]he rules of finality, both statutory and judge made, treat a dismissal on statute-of-limitations grounds . . . as a judgment on the merits."  *Plaut v. Spendthrift Farm, Inc.*, 514 U.S. 211, 228 (1995).  The D.C. Circuit and other courts in this district have routinely treated dismissals on statute-of-limitations grounds as final judgments on the merits for the purposes of res judicata.  *See Smalls*, 471 F.3d at 192 (treating a dismissal on statute-of-limitations grounds as a final judgment on the merits); *Richardson v. Sauls*, 319 F. Supp. 3d 52, 65–66 (D.D.C. 2018) (same); *Lamont v. Proskauer Rose, LLP*, 881 F. Supp. 2d 105, 112 (D.D.C. 2012) (same).

Plaintiff insists that her claims are not precluded because the court dismissed *Ransom v. Mayorkas*, No. 22-cv-2355 (D. Md.) without prejudice.  *See* Pl.'s Opp'n at 22–23.  It is well-settled that "[d]ismissal without prejudice is a dismissal that does not operate as an adjudication upon the merits, and thus does not have a res judicata effect."  *Cactus Canyon Quarries, Inc. v. Fed. Mine Safety & Health Rev. Comm'n*, 820 F.3d 12, 19 (D.C. Cir. 2016) (quoting *Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 396 (1990)).  Nevertheless, the D.C. Circuit has recognized that even dismissal of a case without prejudice can effectively amount to a dismissal with prejudice if the relevant statute of limitation had already run.  *See Cohen v. Bd.*

*of Trs. of the Univ. of the Dist. of Columbia*, 819 F.3d 476, 479 (D.C. Cir. 2016) ("[H]ad the district court dismissed Cohen's complaint and case, both without prejudic[e], [C]ohen could have filed a new complaint in a new case only if the claims were still timely as of the new filing." (emphasis removed)); *Ciralsky v. CIA*, 355 F.3d 661, 672 (D.C. Cir. 2004) ("[W]hen a suit is dismissed without prejudice, the statute of limitations is deemed unaffected by the filing of the suit, so that if the statute of limitations has run the dismissal is effectively with prejudice." (quotation omitted)). This rule follows from the fact that "[t]he finality that a court can pronounce is no more than what the law in existence at the time of judgment will permit it to pronounce." *Plaut*, 514 U.S. at 234.

Against that backdrop, dismissing the previous action "without prejudice" left the door open for Plaintiff to attempt to allege new relevant facts or a legal theory with a longer statute of limitations. But it was not, nor could it have been, an invitation to reassert the same claims that the court had just determined were time-barred under the law in existence at the time. Any attempt to do so would have been disallowed by the related doctrine of the law of the case, which "recognizes that 'court[s] involved in later phases of a lawsuit should not re-open questions decided.'" *United States v. Philip Morris USA Inc.*, 801 F.3d 250, 257 (D.C. Cir. 2015) (alteration in original) (quoting *Crocker v. Piedmont Aviation, Inc.*, 49 F.3d 735, 739 (D.C. Cir. 1995)). It was likewise not an open-ended invitation to seek leave to amend into perpetuity. In fact, the Maryland District Court simultaneously denied Plaintiff's request to amend her complaint to allege additional facts, finding that any amendment would be futile. *See* Compl., Attach. 5 at 39. As such, all four factors of claim preclusion are therefore satisfied here and bars any claims arising from Appeal No. 075.

**2. Claims Arising from EEOC Appeal No. 766**

With the other elements of claim preclusion clearly met, the Court turns to whether there is a final judgment on the merits which bars Plaintiff's claim arising from EEOC Appeal No. 766. In *Ransom v. Mayorkas*, No. 22-cv-2355 (D. Md.), Plaintiff also challenged EEOC Appeal No. 766. The Maryland District Court found that this claim was premature and dismissed it for failure to exhaust administrative remedies. *See* Compl., Attach. 5 at 36. The dismissal specifically rested on the fact that the EEOC had not yet issued a right to sue letter before Plaintiff filed the action. *See id.*

A dismissal of a complaint for failure to exhaust administrative remedies does not preclude a plaintiff from bringing another suit after they have exhausted administrative remedies. *See Murthy v. Vilsack*, 609 F.3d 460, 466 (D.C. Cir. 2010); *Bland v. Connally*, 293 F.2d 852, 855 (D.C. Cir. 1961). Plaintiff has now obtained a right to sue letter from the EEOC and attaches it to the present complaint. *See* Compl., Attach. 3. Therefore, the previous dismissal does not bar Plaintiff from filing this suit after exhausting her administrative remedies because she has remedied this deficiency.

Assuming Plaintiff has exhausted her administrative remedies prior to filing this action, her claims are still subject to dismissal as untimely. As discussed above, Plaintiff received notification of her right to sue within ninety calendar days on January 31, 2023. *See id.* The present complaint was filed on March 11, 2024, well beyond the expiration of the ninety-day period. Therefore, while Plaintiff is not precluded by res judicata for EEOC Appeal No. 766, claims arising from it are time-barred.

## V.  CONCLUSION

For the foregoing reasons, Defendants' Motion to Dismiss (ECF No. 9) is **GRANTED**.

An order consistent with this Memorandum Opinion is separately and contemporaneously issued.

Dated:  March 28, 2025                                           RUDOLPH CONTRERAS
                                                                              United States District Judge